UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND UMBARGER, #275310,

        Petitioner,

v.

        CASE NO. 2:09-CV-14978
        HONORABLE NANCY G. EDMUNDS

MICHAEL CURLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Raymond Umberger ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion for appointment of counsel. Petitioner pleaded guilty to two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(d), in Bay County Circuit Court and was sentenced to four years three months to fifteen years imprisonment in 2007.[1] In his pleadings, Petitioner contests the subject matter jurisdiction of the state trial court, asserting that the Michigan criminal sexual conduct statute was enacted in violation of the Michigan Constitution.

Promptly after the filing of a petition for a writ of habeas corpus, the Court must

---

[1] Petitioner also pleaded guilty to one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(B), in the Genesee County Circuit Court and was sentenced to ten to fifteen years imprisonment in 1998. That conviction is not challenged in this case and is the subject of a separate habeas action.

undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty under 28 U.S.C. § 2243 to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court denies the habeas petition and the motion for appointment of counsel. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Discussion

As an initial matter, the Court notes that Petitioner has failed to demonstrate that he has exhausted state court remedies regarding the claims contained in his petition. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009); *see also Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner, who did not file any direct appeal of his convictions, has not done so.

Even though Petitioner has not exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

Petitioner asserts that he is entitled to habeas relief because the state trial court lacked subject matter jurisdiction over his criminal proceedings. Petitioner asserts that the Michigan criminal sexual conduct statute was enacted in violation of the Michigan Constitution. The violation of a state constitution, however, provides no grounds for federal habeas relief. 28 U.S.C. § 2254(a) (federal habeas relief is only available "only on ground

[a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *Knapp v. Leonardo,* 46 F. 3d 170, 178 (2nd Cir. 1995). A federal district court will dismiss a habeas petitioner's claim where it merely alleges a violation of the state constitution. *See Armstead v. Parke*, 930 F. Supp. 1285, 1287 n. 1 (N.D. Ind. 1996), *aff'd,* 116 F. 3d 1482 (7th Cir. 1997).

Additionally, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001). Petitioner has failed to state a claim upon which federal habeas relief may be granted in his pleadings. *See Hill v. Sherry*, No. 07-13978, 2008 WL 1902106, at *3 (E.D. Mich. April 30, 2008) (Roberts, J.) (summarily dismissing similar jurisdictional challenge); *Smith v. Burt*, No. 08-CV-14239, 2008 WL 4791348, at *2 (E.D. Mich. Oct. 24, 2008) (Cohn, J.); *Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, at *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.). Because petitioner has failed to state a claim upon which relief could be granted, the Court denies the petition.[2] Given this determination, the Court also denies Petitioner's motion for appointment of counsel.

---

[2] The Court notes that the petition also appears to be barred by the one-year statute of limitations applicable to federal habeas actions given that Petitioner was convicted in 2007, did not pursue a direct appeal of his conviction, and did not file the present petition until December, 2009. *See* 28 U.S.C. § 2244(d).

4

### III.  Conclusion

The Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, as well as the motion for appointment of counsel.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the merits of the claims.  *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court therefore **DENIES** a certificate of appealability.  The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  The Court therefore **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: January 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager